70 F.3d 1253
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Dennis John DiIORIO, Defendant, Appellant.
 No. 95-1138.
 United States Court of Appeals, First Circuit.
 Nov. 22, 1995.
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge].
 Orlando A. Andreoni on brief for appellant.
 Sheldon Whitehouse, United States Attorney, Stephanie S. Browne and Craig N. Moore, Assistant United States Attorneys, on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-appellant Dennis J. DiIorio pled guilty to a three-count indictment, including possession of a firearm by a convicted felon. He appeals from his sentence on the sole ground that the district court erred in denying a reduction in his base offense level because he "possessed all ammunition and firearms solely for lawful sporting purposes or collection...." United States Sentencing Guidelines, Sec. 2K2.1(b)(2) (1994). The burden is on the defendant to prove by a preponderance of the evidence that he is entitled to the reduction. United States v. Cousens, 942 F.2d 800, 802 (1st Cir.1991). "We review for clear error the district court's factual findings with regard to the intended purposes of purchasing and possessing the firearms at issue." Id.
 
 
 2
 Having carefully reviewed the record, including the transcript from the sentencing hearing, we conclude that it was not clear error for the district court to find that appellant failed to prove by a preponderance of the evidence that he possessed the gun and ammunition solely for sporting or collection purposes. The sentencing court's decision not to accept DiIorio's version of the relevant facts was a credibility determination best made by the district court, rather than by this court. See United States v. Wheelwright, 918 F.2d 226, 228 (1st Cir.1990). Accordingly, appellant's sentence is affirmed. See Loc. R. 27.1.